UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH USEA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14704** |
| **AARON MANUEL ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses (Doc. 12). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff alleges that as a high school student, he was arrested for terrorism based on an objectively unreasonable arrest warrant. According to the Complaint, Plaintiff has autism, and he was relentlessly bullied at school. He made a list of classmates he disliked, and when his classmates learned of it, they declared it a "kill list." Plaintiff spent two weeks in jail, and upon his release, he was confined to his residence and had to wear an ankle monitor. Eventually, the state court judge dismissed the criminal charges against him, stating that the culprit in the case was the "rumor mill."

Plaintiff now brings claims under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. He also brings state law claims of false arrest and malicious prosecution. He alleges that due to Defendants' conduct, he was vilified in the news media and social media and is now a high school dropout.

In the instant Motion, Plaintiff moves the Court to dismiss two affirmative defenses that Defendants raised in their answer. Defendants did not file an opposition to the Motion.

## LEGAL STANDARD

Rule 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] An affirmative defense is subject to the notice pleading standards in Rule 8 and must therefore be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[2] A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly.[3] Thus, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[4] Whether to grant a motion to strike is committed to the trial court's sound discretion.[5]

## LAW AND ANALYSIS

Plaintiff moves the Court to strike Defendants' thirteenth and fourteenth affirmative defenses. Defendants' thirteenth affirmative defense provides as follows: "Defendants also reserve the right to assert any and all additional applicable immunities available under law."[6] Similarly, Defendants' fourteenth affirmative defense provides as follows: "Defendants also reserve the right to further assert affirmative defenses as they become evident through discovery or further investigation."[7]

---

[1] FED. R. CIV. P. 12(f).
[2] Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999).
[3] *See* Augustus v. Bd. of Pub. Instruction of Escambia Cty., 306 F.2d 862, 868 (5th Cir. 1962).
[4] Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D.La.2011) (internal quotation marks omitted); *accord* Diesel Specialists, LLC v. MOHAWK TRAVELER M/V, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011).
[5] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).
[6] Doc. 8 at 3.
[7] *Id.*

The Court agrees with Plaintiff that the law prohibits these kind of boilerplate, catchall affirmative defenses.[8] As this Court has stated, "a defendant cannot assert an affirmative defense without actually asserting it."[9] To allow blanket affirmative defenses like these "would inject uncertainty into the pleadings and would surely prejudice Plaintiff."[10] Thus, these affirmative defenses are stricken from Defendants' answer.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Strike Affirmative Defenses (Doc. 12) is **GRANTED**. Defendants' thirteenth and fourteenth affirmative defenses are **STRICKEN** from their answer.

New Orleans, Louisiana this 10th day of July, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* Harris v. USA Ins. Cos., Civil Action No. 11–201, 2011 WL 3841869, at *2–3 (E.D. La. Aug. 30, 2011) (finding certain affirmative defenses insufficiently pled and writing that "it is clear that under Fifth Circuit law an affirmative defense must at least meet the 'fair notice' requirement"); Joe Hand Promotions, Inc. v. Izalco Inc., Civil Action H–16–3696, 2017 WL 3130581, at *3 (S.D. Tex. July 24, 2017) ("[D]enying the motion to strike here would be tantamount to denying [the plaintiff] fair notice of the defenses against it. Unnamed future defenses are, by definition, beyond the cognizance of the opposing party, because they are devoid of any articulation at all.").

[9] Schlesinger v. W.L. & R, Inc., Civil Action No. 13–5829, 2014 WL 669122, at *2 (E.D. La. Feb. 20, 2014).

[10] *Id.*