UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEITH USEA**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 19-14704**

**AARON MANUEL ET AL.**                              **SECTION: H(3)**

## ORDER AND REASONS

Before the Court are Defendants Aaron Manuel's and Sheriff Craig Webre's Motions for Attorney's Fees (Doc. 82) and Bill of Costs (Doc. 83). For the following reasons, these Motions are **DENIED**.

## BACKGROUND

This case arises out of the arrest of a high school student suspected of planning and threatening to commit a school shooting. At the time of his arrest, February 20, 2018, Plaintiff Keith Usea was a senior at Thibodeaux High School in Lafourche Parish, Louisiana. Defendant Aaron Manuel, a detective with the Lafourche Parish Sheriff's Office, arrested Plaintiff for terrorizing and simple assault in violation of Louisiana Revised Statutes §§ 14:40.1 and 14:38, respectively. The criminal charges were eventually dismissed after a bench trial, but not before Plaintiff spent two weeks in jail, months on house arrest, and was unable to graduate from high school.

Plaintiff subsequently filed the instant action against Detective Manuel and Craig Webre, sheriff of Lafourche Parish. Suing under 42 U.S.C. § 1983,

Plaintiff alleged that Detective Manuel violated his Fourth Amendment rights by arresting him without probable cause. More specifically, Plaintiff contended that Detective Manuel's affidavit contained a misstatement and several omissions of material facts that vitiated probable cause. Plaintiff also brought state law claims of malicious prosecution and false imprisonment against Manuel individually and Sheriff Webre vicariously.

On July 7, 2022, this Court granted Defendants' Motion for Summary Judgment and all Plaintiff's claims against Detective Manuel and Sheriff Craig Webre were dismissed with prejudice.[1] The Court found that there were sufficient facts to support probable cause, and that even if there were not, Detective Manuel was entitled to qualified immunity.[2] With respect to Plaintiff's claims of malicious prosecution and false imprisonment, the Court found that the existence of probable cause foreclosed both claims under Louisiana law.[3]

Now before the Court are Defendants' Motions for Attorney's Fees and Costs under § 1988 and Rule 54(d). After this Court granted summary judgment in its favor, Defendants moved for attorney's fees and costs on the ground that Plaintiff's claims were frivolous.[4] Plaintiff opposes.[5]

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a § 1983 action. "A prevailing defendant [in a § 1983 action] is entitled to fees only when a plaintiff's

---

[1] Doc. 80.
[2] *Id.* at 11–12.
[3] *Id.* at 12–13.
[4] Docs. 82-1, 83-1.
[5] Doc. 85.

underlying claim is frivolous, unreasonable, or groundless."[6] "[A] court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."[7] "To determine whether a claim is frivolous or groundless, [the Fifth Circuit has] stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial."[8] If a suit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the prevailing defendant only for costs that the defendant would not have incurred but for the frivolous claims.[9] Accordingly, a court must assess the frivolity of each claim individually.[10] Ultimately, the decision to award attorney's fees rests with the trial judge.[11]

Additionally, under Federal Rule of Civil Procedure 54(d), costs should be awarded to the prevailing party in a lawsuit.[12] Like attorney's fees, "[a]n award under this provision, however, is discretionary."[13]

## LAW AND ANALYSIS

Defendants argue that an award of reasonable attorney fees and costs is appropriate pursuant to 42 U.S.C. § 1988 and Rule 54(d) because Plaintiff's claims were frivolous, unreasonable, and groundless. Plaintiff opposes and

---

[6] Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000).
[7] Offord v. Parker, 456 F. App'x 472, 474 (5th Cir. 2012).
[8] Doe v. Silsbee Indep. Sch. Dist., 440 F. App'x 421, 425 (5th Cir. 2011).
[9] Fox v. Vice, 563 U.S. 826, 836 (2011).
[10] *See* Greco v. Velvet Cactus, LLC, No. 13-3514, 2014 WL 6684913, at *2 (E.D. La. Nov. 25, 2014).
[11] 42 U.S.C. § 1988.
[12] FED. R. CIV. PRO. 54(d).
[13] Davis v. Par. Of St. Tammany, No. 10-364, 2011 WL 121902, at *2 (E.D. La. Jan. 12, 2011) (stating the plaintiff's claims were not frivolous and using the Court's discretion to deny the defendants' motion for taxation of costs and attorneys' fees).

argues that while his claims were ultimately unsuccessful, they were not frivolous. Although generally the frivolity of each claim must be examined individually, since all claims in this case revolve around the allegedly faulty affidavit and the existence of probable cause, the frivolity of Plaintiff's claims will be analyzed together.[14]

Plaintiff's claims were not frivolous or unreasonable and this Court finds that Defendants' arguments are not persuasive enough to justify an award of attorney's fees and costs. Regarding the three factors identified above, Plaintiff presented a colorable, albeit unsuccessful, prima facie argument. Plaintiff reasonably believed that there were defects in the affidavit that could have defeated probable cause, risen to the level of a Fourth Amendment *Franks* violation, and supported claims of malicious prosecution and false imprisonment.[15] While this Court found that the affidavit was sufficient to support probable cause even if there had been material misstatements and therefore granted summary judgment for Defendants, Plaintiff's claims were not fully manufactured.[16] The Defendants also state in their Motion for Attorney's Fees that a Motion to Dismiss would have been unsuccessful, further indicating that the Complaint did present a meritorious prima facie case.[17]

---

[14] Plaintiff's § 1983 claim was an alleged fourth amendment *Franks* violation for arresting him pursuant to a warrant premised on an affidavit with material misstatements, which Plaintiff argued vitiated probable cause. Malicious prosecution also requires the absence of probable cause. Lemoine v. Wolfe, 167 So. 3d 362, 367 (La. 2015) (quoting Jones v. Soileau, 448 So. 2d 1268, 1271 (La. 1984)). Additionally, false imprisonment requires that there was an unlawful detention. A detention is lawful if it was pursuant to a valid warrant based upon probable cause. Barry v. Dennis, 633 So. 2d 806, 808 (La. App. 4 Cir. 1994).
[15] Doc. 85 at 1.
[16] Doc. 80. *See Greco,* 2014 WL 6684913, at *2 (citing Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 998 (5th Cir. 2008) (action not frivolous where the record contained some plausible evidence supporting plaintiff's claims)).
[17] Doc. 82-1 at 15.

Additionally, the parties engaged in settlement negotiations. While Defendants claim that they never "seriously entertained" a settlement, and only "offer[ed] settlement by way of a 'cost of defense,'"[18] Plaintiff states that Defendants made a monetary settlement offer, which Plaintiff declined.[19] Offers to settle, while not the most important factor in the analysis, show that a claim was not unreasonable or baseless.[20]

Finally, the fact that Plaintiff's claim was dismissed on summary judgment does not require a finding that the claim was baseless.[21] As the Fifth Circuit has noted, "the careful consideration given to the case by the district court is some indication that the suit was not frivolous."[22] Here, the Court carefully considered the merits of the arguments in deciding to grant summary judgment, further supporting the conclusion that this case was not frivolous. Although Plaintiff's claim was dismissed without a trial, litigation extended more than two years and well into discovery practice.[23] Accordingly, this Court finds that Plaintiff's claims were not frivolous, and Defendants' Motion for Attorney's Fees and Costs must be denied.

---

[18] Doc. 82-1 at 10–11.

[19] Doc. 85 at 6.

[20] *Myers*, 211 F.3d at 292 (stating that "whether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous").

[21] *Davis*, WL 121902, at *3 (stating that "the fact that those claims were dismissed on summary judgment instead of proceeding to trial on the merits does not necessitate" a finding that the claims were frivolous in denying a motion for taxation of costs and attorneys' fees).

[22] Hawkins v. Coleman, No. 10-152, 2011 WL 3100562, at *2 (W.D. La. July, 25, 2011) (citing Jones v. Texas Tech University, 656 F.2d 1137, 1146 (5th Cir. 1981) (stating that the district court's seventeen page decision granting summary judgment in favor of the defendants which carefully considered the arguments for and against indicated that the lawsuit was taken seriously and was not frivolous).

[23] *See* Lewis v. Smith, No. 18-47776, 2019 WL 4521422, at *3 (E.D. La. Sept. 18, 2019) (denying an award of attorney fees to a prevailing Defendant in a 42 U.S.C. § 1983 claim that was dismissed on a motion to dismiss, stating that "although Sheriff Smith prevailing on his motion to dismiss, the Court cannot say that Lewis's principal claims were wholly frivolous.").

Moreover, even if Plaintiff's claims were to satisfy the three-part test for frivolity, the Court exercises its discretion to not award fees.[24] "[D]ifferent equitable considerations [are] at stake" when a defendant prevails.[25] Awards to prevailing defendants are intended to "insulate[] defendants from the monetary strain of 'burdensome litigation having no legal or factual basis.'"[26] Plaintiff's claims against Defendants may have ultimately failed on a legal basis, but they do not represent the type of factually groundless or vexatious litigation Congress intended to discourage.[27] Given the importance of allowing plaintiffs to initiate litigation without fear of burdensome legal fees if those claims ultimately fail, this Court declines to award Defendants attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions for Attorney's Fees (Doc. 82) and Bill of Costs (Doc. 83) is **DENIED**.

New Orleans, Louisiana this 12th day of October, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[24] 42 U.S.C. § 1988 ("[T]he court, in its discretion, *may* allow the prevailing party . . . a reasonable attorney's fee . . . .") (emphasis added).
[25] Cantu Servs., Inc. v. Frazier, 682 F. App'x 339, 342 (5th Cir. 2017) (internal quotations omitted).
[26] *Id.* (quoting Fox v. Vice, 563 U.S. 826, 833 (2011)).
[27] Bailey v. Normand, No. 12-2795, 2015 WL 1268325, at *4 (E.D. La. Mar. 19, 2015) (declining to award fees relating to a frivolous claim for vicarious liability under § 1983 when plaintiffs' claim was grounded in facts).